## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>James Alan Rothers,<br><br>      Debtor.<br><br>J. Richard Stermer, Trustee,<br><br>      Plaintiff,<br><br>vs.<br><br>James Alan Rothers,<br><br>      Defendant. | BKY No. 15-43828<br>Chapter 7<br><br><br><br>Adv. No.: 17-____<br><br><br>**ADVERSARY COMPLAINT** |

Plaintiff J. Richard Stermer, Chapter 7 trustee ("**Trustee**") for the bankruptcy estate of James Alan Rothers ("**Debtor**") as and for his Complaint against Debtor, states and alleges as follows:

1. The Trustee is the duly appointed Chapter 7 trustee of the bankruptcy estate of the Debtor.

2. This bankruptcy case was commenced on November 3, 2015 by the filing of a voluntary Chapter 7 Petition ("**Filing Date**").

3. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157, 1334 and 2201(a). This case arises under 11 U.S.C §§105 and 541 and relevant federal rules.

{00546867.1 }

5.  Debtor filed incomplete and false bankruptcy schedules in this bankruptcy case. Not disclosed were many assets which Debtor secreted in the names of corporate entities or with his significant other, Stephanie K. Voxland ("**Voxland**").

6.  Debtor has a judgment against him in favor of ABC Bin Company LLC ("**ABC**") (Swift County Court File No. 76-CV-14-354) in the amount of $608,536.00, dated September 15, 2014. The ABC judgment appears to have been arranged by the Debtor and Voxland.

7.  ABC has not filed a proof of claim in this case despite its judgment remaining unsatisfied.

8.  The Debtor scheduled ABC in his schedules with an address in Willmar for Christie Giese, whereas the person who purportedly owns ABC, Romadillo Casillas Guzman, resides in Hector, MN.[1] Therefore, ABC did not properly get notice of this bankruptcy case.

9.  Debtor has a judgment against him in favor of RSR, Inc. ("**RSR**") (docketed as Swift County Court File No. 76-CV-13-350) in the original amount of $118,186.06, dated July 15, 2013. RSR asserts a proof of claim in this case in the amount of $158,457.52.

10. Debtor has creditors who are not scheduled in his bankruptcy schedules such as utilities, credit cards and the like. Debtor likely, almost certainly, has other, significant unscheduled creditors.

11. Among the entities in which Debtor has or may have an interest which are nowhere to be found in his schedules are – ABC Bin Co. of South Dakota, LLC; Pdq Bin Company, LLC; Pdq Bin Erection Company, LLC; Austin Rothers Holding Company LLC and others. To date, the Trustee cannot ascertain to what extent the Debtor utilizes these entities to secrete assets.

---

[1] Ms. Giese will not respond to the attorney who represented ABC nor will she respond to the Trustee.

12. Remar Const. LLC ("**Remar**") appears to be a fictional corporate name used by the Debtor and Voxland to hide assets. In 2014, Debtor's bankruptcy counsel, Gregory Anderson, appears to have opened an account for Remar with Belize Bank International. (This bank is infamous for assisting with secretion of assets.)

13. There is a large list of vehicles and trailers titled in the name of Remar using Debtor's and Voxland's home addresses. These are believed to be property of the bankruptcy estate.

14. Debtor claims that in 2013, he sold his interest in ABC to Mr. Guzman for $500,000.00. Debtor deposited the $500,000.00 into an account in the name of Hermans Holding Company Inc. ("**Hermans**") with Great Western Bank in Milbank, SD on or about November 7, 2013. Thereafter, Debtor caused $250,000.00 to be transferred from the Hermans account to Voxland. Hermans appears to have no business purpose other than to be a repository of Debtor's money.

15. Since the commencement of this case, Attorney Gregory Anderson has ceased being Debtor's counsel and has personally retained the law firm of Bassford Remele to represent his interests.

16. Anderson's law firm, Anderson, Larson, Saunders and Klaassen, P.A., has retained the law firm of Lommen Nelson to represent its interests.

17. Debtor and Voxland have retained criminal attorneys to represent their interests who have advised the Debtor to pay off the RSR claim so that the Trustee has no need to pursue assets in this case.

18. Counsel representing the Debtor has reached out to RSR's counsel and has requested payoff of its claim and wiring instructions.

19. Any assets used to satisfy the RSR are property of the bankruptcy estate, the use of which would be an unauthorized or fraudulent transfer.

20. The Trustee has advised counsel for RSR not to accept payment from the Debtor but it remains unclear whether or not RSR would accept a payment from the Debtor.

## COUNT I – DECLARATORY JUDGMENT

21. The Trustee realleges the forgoing paragraphs of this Complaint in their entirety.

22. Debtor has failed to fulfill his obligations as a debtor with the knowing assistance of Voxland and Gregory Anderson.

23. Debtor now seeks to benefit from that deceit by using assets which are property of the bankruptcy estate to settle the RSR claim.

24. The Trustee is entitled to a declaratory judgment pursuant to 11 U.S.C. §§521, 541 and 28 U.S.C. §2201(a) determining that the assets proposed to be used by the Debtor to satisfy the RSR claim are property of the bankruptcy estate.

## COUNT II – INJUNCTIVE RELIEF

25. The Trustee realleges the forgoing paragraphs of this Complaint in their entirety.

26. Debtor is seeking to undermine the entire bankruptcy by being dishonest and deceptive and to then use secreted assets to "buy his way out" of the problems that he has created.

27 Any assets used by the Debtor to satisfy the RSR claim are property of the bankruptcy estate which the Debtor has exercised dominion and control over since the commencement of this case. If the assets are not property of the bankruptcy estate, Debtor should have to establish that before the assets are used by him.

28. Plaintiff is entitled to relief of this Court pursuant to 11 U.S.C. §105 and Fed. R. Civ. P. 65 (incorporated into this proceeding by Bank. Rule 7065) enjoining Debtor from

{00546867.1 }                                              4

satisfying the RSR claim without first (a) making a complete and honest disclosure of his assets and liabilities at the time of the commencement of this case, and (b) establishing that the assets to be used to satisfy the RSR claim are not property of the bankruptcy estate.

29. The Trustee requests that the Court issue a preliminary, and then permanent, injunction barring the Debtor from paying the RSR claim until such conditions, and any others imposed by the Court, are met.

**WHEREFORE**, the Trustee seeks this Court's order directing judgment as follows:

1. Determining that the assets Debtor proposes to use to satisfy the claim of RSR, Inc. are property of the bankruptcy estate;

2. Granting temporary and permanent injunctive relief as is appropriate and necessary; and,

3. For such other relief as the Court deems just and equitable.

**LEONARD, O'BRIEN**
**SPENCER, GALE & SAYRE, LTD.**

Dated: January 27, 2017          By___/e/ Matthew R. Burton___
Matthew R. Burton, #210018
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402-1216
(612) 332-1030
mburton@losgs.com

Attorneys for J. Richard Stermer, Trustee