## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                                   Bky. No. 15-43828

James Alan Rothers,

      Debtor.

---

J. Richard Stermer, Trustee,                                             Adv. No. 17-4012

      Plaintiff,

vs.

James Alan Rothers,

      Defendant.

---

## NOTICE OF HEARING AND EXPEDITED MOTION
## FOR PRELIMINARY INJUNCTION

---

1.    J. Richard Stermer, Trustee ("**Trustee**") for the Bankruptcy Estate of James Alan Rothers ("**Debtor**"), by his attorneys, moves the Court for a preliminary injunction and gives notice of hearing.

2.    A hearing will be held on this motion at 1:30 p.m. on February 8, 2017, before the Honorable Michael E. Ridgeway in Courtroom 7 West, U.S. Bankruptcy Court, 300 South Fourth Street, Minneapolis, MN 55415.

3.    As this Motion is brought on an expedited basis, any response to this Motion must be filed and served by delivery as soon as possible and a response should be filed at least twenty-four (24) hours prior to the hearing.  UNLESS A RESPONSE IS TIMELY SERVED AND FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4.       The Debtor filed a Chapter 7 petition on November 3, 2015.  The case is pending before this Court.

5.       This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy Rule 5005, 7005, and 7065 and Local Rule 7007-2.  This motion arises under Bankruptcy Rule 7065 and 11 U.S.C. §§105 and 541.

### Factual Background

6.       The Debtor filed incomplete and false bankruptcy schedules in this bankruptcy case and failed to disclose or properly represent his debts, including but not limited to the following:

>    a.       ABC Judgment: ABC Bin Company LLC ("**ABC**") has a judgment against the Debtor in the amount of $608,536.00, dated September 15, 2014 (Swift County Court File No. 76-CV-14-354).  The Debtor scheduled ABC in his bankruptcy petition with an address in Willmar, Minnesota for Kristie Giese; whereas the person who purportedly owns ABC, Romadillo Casillas Guzman, resides in Hector, Minnesota.  Ms. Giese refuses to respond to ABC's attorney or to the Trustee.  The Debtor did not provide ABC with proper notice of this bankruptcy case and ABC has not filed a proof of claim despite the fact that its judgment remains unsatisfied.  The ABC judgment appears to have been arranged by the Debtor and his girlfriend, Stephanie K. Voxland ("**Voxland**").

>    b.       RSR Judgment: RSR, Inc. ("**RSR**") has a judgment against the Debtor in the original amount of $118,186.06, dated July 15, 2013 (Swift County Court File No. 76-CV-13-350).  RSR asserts a proof of claim in this case in the amount of $144,199.94.

>    c.       Undisclosed Debts: the Debtor has creditors who are not scheduled in his bankruptcy petition such as utilities and credit card companies.  The Debtor most certainly has other significant unscheduled creditors.

7.       The Debtor filed incomplete and false bankruptcy schedules and failed to disclose or properly represent his many assets which the Debtor apparently secreted in the names of corporate entities or with Voxland, including the following:

>    a.       Remar Const. LLC ("**Remar**"):  Remar appears to be a fictional corporate name used by the Debtor and Voxland to hide assets.  In 2014, Debtor's original

bankruptcy counsel, Gregory Anderson, appears to have opened an account for Remar with Belize Bank International. There is a large list of vehicles and trailers titled in the name of Remar using Debtor's and Voxland's home addresses. The Trustee believes the vehicles are property of the bankruptcy estate.

b.      <u>Undisclosed Interest in Hermans Holding Company, Inc</u>. The Debtor claims that in 2013, he sold his interest in ABC to Romadillo Casillas Guzman for $500,000.00. The Debtor deposited the $500,000.00 proceeds into an account in the name of Hermans Holding Company Inc. ("**Hermans**") with Great Western Bank in Milbank, South Dakota on November 7, 2013. Then the Debtor transferred $250,000.00 from the Hermans account to Voxland.

c.      <u>Undisclosed Corporate Assets</u>: Among the entities in which the Debtor has or may have an interest which were not disclosed in his schedules are the following; ABC Bin Co. of South Dakota, LLC; Pdq Bin Company, LLC; Pdq Bin Erection Company, LLC; Austin Rothers Holding Company LLC; Remar Const. LLC and others.

8.      Since the Trustee began to investigate the Debtor's assets, the Debtor's original bankruptcy counsel, Gregory R. Anderson, resigned and retained his own counsel to defend against the Trustee's claims.

9.      The Debtor retained Sam Calvert as his bankruptcy counsel. In addition, the Debtor and Voxland retained criminal attorneys.

10.      The Debtor's criminal attorney has advised the Debtor to pay off the claim of RSR, the largest disclosed creditor, to cut off further investigation by the Trustee. The Debtor's criminal attorney requested the payoff amount of RSR's claim and wiring instructions.

11.      The Trustee advised counsel for RSR not to accept payment from the Debtor, but it is unclear whether or not RSR would accept the Debtor's payment.

12.      The Trustee believes that, based on his investigation of assets to date, the assets which the Debtor would use to satisfy the RSR claim are assets which the Debtor owned and controlled pre-petition and are property of the bankruptcy estate.

13.    The Debtor's use of undisclosed assets would be an unauthorized post-petition transfer or fraudulent transfer.

14.    The Trustee seeks injunctive relief to stop the Debtor from paying off RSR with property of the estate so that the Trustee can continue with his investigation of estate assets and administer those assets for the benefit of all creditors.

15.    At the hearing of this matter, the Trustee may testify about his investigation of the Debtor's assets and his efforts to administer the same.

16.    Expedited and injunctive relief is required as property of the estate may be damaged, destroyed or converted absent a preliminary injunction.

17.    Under Bankruptcy Rule 7065, the Trustee is not required to post a bond or other security for the issuance of a preliminary injunction.

WHEREFORE, the Trustee requests that the Court issue a preliminary injunction for the following:

(a)    Enjoining the Debtor, James Alan Rothers, from paying pre-petition debts, including but not limited to, the debt owed to RSR, Inc.

(b)    Enjoining the Debtor, his agents or assigns, from engaging in any use, sale, encumbrance, transfer, or concealment of the property which the Debtor owned or controlled on the date of filing which is property of the estate, and from engaging in any activity which would result in the diminishment of value or depletion of the property, or in the diminishment of value of the equity in the property;

(c)    Determining that if the Debtor fails to comply with this Order, he shall be in contempt of this Order, and that additional sanctions shall issue upon filing of an affidavit by the Trustee.

(d)      For such other relief as the Court deems just.


                                        **LEONARD, O'BRIEN**
                                        **SPENCER, GALE & SAYRE, LTD.**


                                             /e/  Matthew R. Burton
Dated:  February 1, 2017            By:_____
                                           Matthew R. Burton, #210018
                                           *mburton@losgs.com*
                                           Andrea M. Hauser, #207469
                                           *ahauser@losgs.com*
                                        100 South Fifth Street, Suite 2500
                                        Minneapolis, Minnesota  55402
                                        Telephone:  (612) 332-1030
                                        Facsimile:  (612) 332-2740

                                        ATTORNEYS FOR J. RICHARD
                                        STERMER, TRUSTEE

## VERIFICATION

I, J. Richard Stermer, Trustee for the Bankruptcy Estate of James Alan Rothers, the moving party named in the foregoing Notice of Hearing and Expedited Motion for a Preliminary Injunction, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on January 31, 2017

/s/

J. Richard Stermer

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:                                                                Bky. No. 15-43828

James Alan Rothers,

                    Debtor.

---

J. Richard Stermer, Trustee,                                          Adv. No. 17-4012

                    Plaintiff,

vs.

James Alan Rothers,

                    Defendant.

---

**MEMORANDUM IN SUPPORT OF MOTION**
**FOR PRELIMINARY INJUNCTION (EXPEDITED)**

---

**INTRODUCTION**

J. Richard Stermer, Trustee (**"Trustee"**) seeks a preliminary injunction:  (1) enjoining the

Debtor and Defendant James Alan Rothers (the "**Debtor**") from making payments to creditors

scheduled on his bankruptcy schedules, including but not limited to the debt owed to RSR, Inc.

("**RSR**"); and (2) enjoining the Debtor from engaging in any additional activity which would

diminish or deplete the value of bankruptcy estate property.

**I.      FACTUAL BACKGROUND**

**A.      The Debtor Has Concealed and Converted Assets.**

Debtor filed incomplete and false bankruptcy schedules in this bankruptcy case.  The

Debtor failed to disclose many assets which he apparently secreted in the names of corporate

entities or with his girlfriend, Stephanie K. Voxland ("**Voxland**").  In addition, the Debtor failed to disclose or properly represent his debts, including but not limited to the following:

      a.    <u>ABC Judgment</u>: ABC Bin Company LLC ("**ABC**") has a judgment against the Debtor in the amount of $608,536.00, dated September 15, 2014 (Swift County Court File No. 76-CV-14-354).   The Debtor scheduled ABC in his bankruptcy petition with an address in Willmar, Minnesota for Kristie Giese; whereas the person who purportedly owns ABC, Romadillo Casillas Guzman, resides in Hector, Minnesota.  Ms. Giese refuses to respond to ABC's attorney or to the Trustee. The Debtor did not provide ABC with proper notice of this bankruptcy case and ABC has not filed a proof of claim despite the fact that its judgment remains unsatisfied.  The ABC judgment appears to have been arranged by the Debtor and Voxland.

      b.    <u>RSR Judgment</u>: RSR, Inc. ("**RSR**") has a judgment against the Debtor in the original amount of $118,186.06, dated July 15, 2013 (Swift County Court File No. 76-CV-13-350).  RSR asserts a proof of claim in this case in the amount of $144,199.94.

      c.    <u>Undisclosed Debts</u>: the Debtor has creditors who are not scheduled in his bankruptcy schedules such as utilities and credit card companies.  The Debtor most certainly has other significant unscheduled creditors.

      d.    <u>Remar Const. LLC</u> ("**Remar**"):  Remar appears to be a fictional corporate name used by the Debtor and Voxland to hide assets.  In 2014, the Debtor's original bankruptcy counsel, Gregory Anderson, appears to have opened an account for Remar with Belize Bank International.  (This bank is infamous for assisting with secretion of assets.) There is a large list of vehicles and trailers titled in the name of Remar, using Debtor's and Voxland's home addresses.  The Trustee believes the vehicles are property of the bankruptcy estate.  *See*

Complaint in Adv. No. 17-4013, *J. Richard Stermer, Trustee v. Stephanie K. Voxland and Hermans Holding Company, Inc.*

      e.    <u>Undisclosed Interest in Hermans Holding Company, Inc</u>: The Debtor claims that in 2013, he sold his interest in ABC to Romadillo Casillas Guzman for $500,000.00.  The Debtor deposited the $500,000.00 proceeds into an account in the name of Hermans Holding Company Inc. ("**Hermans**") with Great Western Bank in Milbank, South Dakota on November 7, 2013.  Then the Debtor transferred $250,000.00 from the Hermans account to Voxland.   Hermans appears to have no business purpose other than to be a repository of the Debtor's money.

      f.    <u>Undisclosed Corporate Assets</u>: Among the entities in which Debtor has or may have an interest, which were not disclosed in his schedules, are the following;  ABC Bin Co. of South Dakota, LLC; Pdq Bin Company, LLC; Pdq Bin Erection Company, LLC; Austin Rothers Holding Company LLC, and others.  To date, the Trustee cannot ascertain to what extent the Debtor uses these entities to secrete assets.

      **B.**    **The Debtor Seeks to Pay Off the Largest Disclosed Creditor to Curtail the Bankruptcy Case and Frustrate the Trustee's Investigation of Estate Assets.**

Since the Trustee began to investigate the Debtor's assets, the Debtor's original bankruptcy counsel, Gregory R. Anderson, resigned and retained his own counsel to defend against the Trustee's claims. The Debtor retained Sam Calvert as his bankruptcy counsel. In addition, the Debtor and Voxland retained criminal attorneys.

<u>The Debtor's criminal counsel has advised him to pay off the claim of RSR, the largest disclosed creditor, to cut off further investigation by the Trustee</u>.  The Debtor's criminal attorney contacted RSR's counsel and requested the payoff amount of RSR's claim and wiring instructions.  The Trustee has advised counsel for RSR not to accept payment from the Debtor, but it is unclear whether or not RSR would accept the Debtor's payment.

The Trustee believes that, based on his investigation of assets to date, the assets which the Debtor would use to satisfy the RSR claim are assets which the Debtor owned and controlled pre-petition, and are property of the bankruptcy estate.  The Debtor's use of undisclosed assets would be an unauthorized post-petition transfer or fraudulent transfer.  Moreover, this bankruptcy case requires a probing investigation into the Debtor's assets and legitimate creditors.

Honesty is the foundation of a fair and effective bankruptcy system.  *Molitor v. Eidson, et al. (In re Molitor)*, 76 F. 3d 218, 220 (8th Cir. 1996).  Here, the Debtor's false bankruptcy petition, concealment and conversion of assets, and attempts to pay off the largest disclosed creditor makes a mockery of the bankruptcy process.  The Trustee seeks injunctive relief to prevent the Debtor from paying off RSR so that the Trustee can continue to investigate estate assets and administer those assets for the benefit of creditors.

## II.   THE FACTS SUPPORT ALL ELEMENTS NECESSARY FOR A PRELIMINARY INJUNCTION WHICH IS NEEDED TO PREVENT THE DEBTOR FROM CONCEALING AND CONVERTING ESTATE ASSETS.

The purpose of a preliminary injunction is to preserve the parties' status quo.  A preliminary injunction will be granted upon a showing of irreparable injury and probable success on the merits.  In order to obtain preliminary injunctive relief, the movant must show:

1.     The probability that the movant will succeed on the merits;

2.     A threat of irreparable harm to the movant;

3.     That the balance of hardships suffered by the parties favors the movant; and

4.     That granting preliminary injunctive relief is in the public interest.

*Data Phase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  In this case, the facts satisfy all the requirements for issuance of a preliminary injunction.

**A.    The Trustee is Likely to Succeed on the Merits of the Claim to Enjoin the Debtor from Paying Off his Largest Disclosed Creditor.**

It is the Trustee's duty to identify and collect assets for distribution to unsecured creditors.   The RSR claim should be paid by the Trustee through his administration of estate assets.   Here, the Trustee's preliminary investigation indicates that the Debtor has significant undisclosed assets as well as unscheduled creditors.   Based on the Trustee's identification of the Debtor's interests in Remar, Hermans, and other entities, which the Debtor concealed, it is likely that the Trustee can show that the Debtor would use undisclosed assets owned pre-petition, which are property of the estate, to pay the RSR claim. The moving party "need only establish a likelihood of succeeding on the merits of any one of [its] claims." *Richland/Wilkin Joint Powers Authority v. U.S. Army Corps of Engineers*, 826 F. 3d 1030, 1040 (8th Cir. 2016). The Trustee could avoid the Debtor's payment to RSR under 11 U.S.C. §549(a) where "(1) the subject property was property of the bankruptcy estate; (2) the property was transferred; (3) the transfer was made post-petition; and (4) the transfer was not authorized by the bankruptcy code or the bankruptcy court." *See In re Hecker*, 459 B.R. 6, 11 (8th Cir. BAP 2011). Any payment to RSR would be an avoidable post-petition transfer under 11 U.S.C. §549, and the Trustee would prevail on the merits of the avoidance claim.

**B.    Irreparable Harm.**

The Trustee seeks injunctive relief to protect the bankruptcy estate's interests in nonexempt property, and to protect the integrity of the bankruptcy process. "For an injunction to be appropriate, 'a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" *Richland/Wilkin Joint Powers Authority* 826 F. 3d at 1037 *citing Roudachevski v. All-Am. Care Ctrs., Inc.,* 648 F.3d 701, 706 (8th Cir. 2011); *see also, Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 375 (2008)

(plaintiff seeking injunctive relief must show that "irreparable injury is likely in the absence of an injunction").

Should the Debtor pay off the largest disclosed creditor, the Trustee's investigation of the Debtor's fraudulent concealment and conversion of assets could be curtailed, because for the most part, only administrative expenses would remain to be paid in the bankruptcy case.  If additional creditors came forward, how would they be paid? How is the ABC judgment of $608,536.00 to be paid? Without a preliminary injunction, the Debtor and his agents could evade responsibility for filing false bankruptcy schedules.  In addition, the Debtor or his agents could transfer or encumber bankruptcy estate property, or property could be lost, spent, stolen or damaged by the Debtor's unauthorized use of such property.  Given the chance, the Debtor will continue to conceal estate assets, causing irreparable harm to the bankruptcy estate and to legitimate creditors.  Here, the facts show that the bankruptcy estate is likely to suffer irreparable harm and a preliminary injunction is warranted.  *See Winter,* 129 S. Ct. at 375.

### C.    Balance of Harms.

This court must balance the threat of irreparable harm to the Trustee, the moving party, with "with any injury an injunction would inflict on other interested parties." *See, Richland/Wilkin Joint Powers Authority,* 826 F. 3d at 1039.  In this case, a preliminary injunction will not harm the Debtor.  If the Debtor subsequently demonstrates that assets obtained post-petition or from a legitimate third party would be used to pay RSR, a short delay in the planned payoff will not harm the Debtor or RSR, while such proof is made.  On the other hand, the bankruptcy estate will suffer irreparable harm if the Debtor is permitted to pay RSR with estate assets and to frustrate the Trustee's investigation into the Debtor's fraudulent acts.

To date, the Trustee's preliminary investigation indicates that on the petition date, the Debtor owned and controlled assets of substantial value. Moreover, it appears that the Debtor has additional creditors which never received notice of the bankruptcy proceeding. Injunctive relief preventing the Debtor from immediately paying off RSR will allow Trustee to identify estate assets and administer those assets for the benefit of legitimate creditors. Here, the balance of hardships clearly favors the Trustee and the bankruptcy estate, which could suffer irreparable harm in the absence of a preliminary injunction, whereas a short delay caused by injunctive relief will not harm the Debtor.

### D.     Public Interest.

The public interest strongly favors injunctive relief. The Trustee seeks injunctive relief to protect the estate's interests in nonexempt property, and protect the integrity of the bankruptcy process. If the Debtor succeeds in paying off the largest disclosed creditor, the Trustee's investigation of the Debtor's fraudulent concealment and conversion of assets would be curtailed as primarily administrative expenses would remain to be paid in the bankruptcy case. Where substantial factual questions remain to be resolved, the public interest is best served by preserving the status quo until the issues can be adjudicated at a full hearing. *See Northland Ins. Companies v. Blaylock*, 115 F. Supp. 1108, 1125 (U.S.D.C. Minn. 2000).

Injunctive relief would serve the public interest by preserving assets of this bankruptcy estate. Further, the Debtor has made a mockery of these bankruptcy proceedings by concealing and converting estate assets and by filing false bankruptcy schedules. Through this action, the Trustee seeks to preserve the integrity of the bankruptcy process, which is intended to aid honest debtors and promote the public interest.

**E.      Expedited Relief is Required to Prevent Irreparable Harm to the Bankruptcy Estate.**

Without expedited relief, the Debtor could eliminate the largest disclosed creditor in this case and curtail the investigation of the Debtor's assets. The Debtor and his agents could continue to conceal and convert assets which should be administered for the benefit of creditors. Therefore, immediate injunctive relief is necessary to stop the Debtor's payoff of RSR, Inc.

### CONCLUSION

For the above reasons, J. Richard Stermer, Trustee respectfully requests that this Court issue a preliminary injunction preventing the Debtor, James Alan Rothers, and his agents and assigns from paying the debt of RSR, Inc., in accordance with the proposed order served and filed herewith.

LEONARD, O'BRIEN
SPENCER, GALE & SAYRE, LTD.

/e/  Matthew R. Burton

Dated:  February 1, 2017            By:_____
                                                      Matthew R. Burton, #210018
                                                      *mburton@losgs.com*
                                                      Andrea M. Hauser, #207469
                                                      *ahauser@losgs.com*
                                                      100 South Fifth Street, Suite 2500
                                                      Minneapolis, Minnesota  55402
                                                      Telephone:  (612) 332-1030
                                                      Facsimile:  (612) 332-2740

                                                      ATTORNEYS FOR J. RICHARD
                                                      STERMER, TRUSTEE

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                          Bky. No. 15-43828

James Alan Rothers,

        Debtor.

---

J. Richard Stermer, Trustee,                                   Adv. No. 17-4012

        Plaintiff,

vs.

James Alan Rothers,

        Defendant.

---

## UNSWORN CERTIFICATE OF SERVICE

---

I hereby certify that on February 1, 2017, I caused the following documents:

- ***Notice of Hearing and Expedited Motion for Preliminary Injunction, Memorandum in Support of Motion for Preliminary Injunction (Expedited) and (Proposed) Order Granting Preliminary Injunction.***

to be filed electronically with the Clerk of Court through ECF, and that ECF will send an e-notice of the electronic filing.

I further certify that I caused a copy of the foregoing documents to be mailed via First Class Mail to the following:

James Alan Rothers
1309 Atlantic Ave
Kerkhoven, MN 56252

Dated:  February 1, 2017

_/e/  Hillary Brown_____
Hillary A. Brown
100 South Fifth Street, Suite 2500
Minneapolis, MN  55402
(612) 332-1030

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                                          Bky. No. 15-43828

James Alan Rothers,

        Debtor.

---

J. Richard Stermer, Trustee,                                   Adv. No. 17-4012

        Plaintiff,

vs.

James Alan Rothers,

        Defendant.

---

## ORDER GRANTING PRELIMINARY INJUNCTION

---

      This matter came before the court on the motion of J. Richard Stermer, Trustee, for a preliminary injunction.

      Based upon all the files, records and proceedings herein, the Court finds that the Trustee has shown the following:

      1.     The Trustee has a significant probability of success on the merits of an avoidance claim resulting from the Debtor's planned payoff of the creditor RSR, Inc. with bankruptcy estate assets;

      2.     The Debtor's pay off of the creditor RSR, Inc. with bankruptcy estate assets and the curtailment of the Trustee's investigation of bankruptcy estate assets and administration of those assets for creditors would irreparably harm the bankruptcy estate;

3.	Any delay of the proposed payoff of the claim of RSR, Inc. resulting from a preliminary injunction would not harm the Debtor or RSR, Inc., and the balance of hardships favors the Trustee; and

4.	That granting preliminary injunctive relief favors the public interest by preserving the integrity of the bankruptcy process.

THEREFORE IT IS ORDERED:

1.	The Trustee's request for expedited relief is granted.

2.	Debtor and Defendant James Alan Rothers and his agents and assigns are enjoined from paying the pre-petition debt owed to RSR, Inc.

3.	The Debtor and his agents and assigns are enjoined from engaging in any use, sale, encumbrance, transfer, agreement or engaging in any activity which would result in the diminishment of value or depletion of bankruptcy estate property.

4.	If the Debtor and his agents and assigns fail to comply within 24 hours of entry of this order, they shall be held in contempt upon the filing of an affidavit by the trustee or his counsel.

5.	This preliminary injunction shall remain in effect until a hearing on the merits is held on the claims in the adversary complaint, or until further order of this Court.

Dated: _____

_____
United States Bankruptcy Judge