# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

___

In re:                                                                                               Bky. No. 15-43828

James Alan Rothers,

       Debtor.

___

J. Richard Stermer, Trustee,                                                            Adv. No. 17-4012

       Plaintiff,

vs.

James Alan Rothers,

       Defendant.

___

## ORDER
___

This matter came before the court on the motion of J. Richard Stermer, Trustee, for a preliminary injunction.

Based upon all the files, records and proceedings herein, and the Court being advised that the parties consent to the entry of this Order,

IT IS ORDERED:

1.    The Trustee's motion for injunctive relief is granted as detailed in this Order.

2.    Debtor and Defendant James Alan Rothers and his agents and assigns shall not directly or indirectly pay, or cause to be paid, the pre-petition debt owed to RSR, Inc. without first:

(a) Giving the Trustee written notice of that intention together with an affidavit from the source of the funds evidencing the circumstances of their willingness to make the payment and the source of the funds;

(b) If the affiant referenced in (a) is not the Debtor, then the Debtor, too, shall submit a sworn statement to the Trustee that the property satisfying the judgment is not property of the bankruptcy estate;

(c) If the Trustee believes that the source is inappropriate or has other concerns regarding the payment, he shall have ten business days to schedule a hearing on the request to pay the RSR, Inc. judgment. If the Trustee fails to schedule the motion within 10 days of the Debtor's completion of the required submissions, the judgment may be satisfied as requested by Debtor.

(d) With respect to any satisfaction of the RSR, Inc. judgment, the Debtor shall provide the Trustee with a copy of the payment and documents related to the financing, if any, including all submissions to obtain the financing including correspondence.

3. This Order shall constitute a final order with respect to the Trustee's request for injunctive relief in this case and the parties have waived any and all other requirements of such a final order including the requirement of a bond.

4. This Order shall in no way prejudice the rights of the Trustee to assert claims or to recover property of the bankruptcy estate.

Dated: *March 30, 2017*

*/e/ Michael E. Ridgway*
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on *03/30/2017*
Lori Vosejpka, Clerk, by MJS